UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| HARRY F. LAUTE, SR. and DENISE LAUTE, his wife, | : | Hon. Joseph H. Rodriguez |
| Plaintiffs, | : | Civil Action No. 11-3792 |
| v. | : | |
| THE CITY OF GLOUCESTER and/or GLOUCESTER CITY POLICE DEPARTMENT, and/or PTL. JAMES LITTLE, and/or PTL. S. SAUNDERS, and/or PTL. W. C. JOHNSON, and/or JOHN DOE POLICE OFFICERS, . . . and/or JOHN ROE . . . police officers, supervisors, trainers, instructors, employees, agents and/or servants, jointly, severally, individually and/or in the alternative, | : : : : : | MEMORANDUM OPINION & ORDER |
| Defendants. | : | |

This matter is before the Court on Defendants' motion for partial judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). The motion will be granted.

Background

On or about March 12, 2010, the individually named Defendants were involved in a pursuit of Plaintiff Harry Laute in Gloucester City, New Jersey. Plaintiff alleges that the Defendant officers "caused and/or allowed Plaintiff's pants to come down so that Plaintiff was forced to stand naked in the street despite repeated requests by the Plaintiff and others to pull his pants up." (Compl. ¶ 4.) Plaintiff further alleges that the Defendant officers "did carelessly and/or negligently and/or with willful and wanton recklessness, spray the Plaintiff in the face with 'O.C. Spray' and further assaulted the Plaintiff by knocking him to the ground and repeatedly punching him in the face and about the body even after Plaintiff had been handcuffed." (Compl. ¶ 5.)

Plaintiff filed a Complaint in this matter on June 1, 2011 in the Superior Court of New Jersey, Law Division, Camden County.  He alleged a violation of his civil rights under 42 U.S.C. § 1983 and the New Jersey Civil Rights Act by individual police officers, Little, Saunders, and Johnson, and a failure to "supervise, instruct, train and/or educate" by the John Roe supervisors.  (Compl. ¶ 2-3.)  His demand includes punitive damages.  A Second Count of the Complaint alleges loss of consortium "[a]s a proximate result of the negligence and carelessness of the Defendants."  (Compl., Second Count ¶ 3.)

Defendants timely removed the matter to this Court, and have now filed a motion for partial judgment on the pleadings.  They request dismissal of Plaintiff's claims against the City of Gloucester and the Gloucester City Police Department and any federal claims in the Second Count of the Complaint, which was brought by Denise Laute for loss of consortium.  Defendants argue that the Complaint fails to allege sufficient facts to establish municipal liability under 42 U.S.C. § 1983, the Gloucester City Police Department is an improper defendant, and a spouse may not make a loss of consortium claim under 42 U.S.C. § 1983.

Standard on Motion for Judgment on the Pleadings

Federal Rule of Civil Procedure 12(c) provides that a party may move for judgment on the pleadings.  The movant under Rule 12(c) must show clearly that no material issue of fact exists and that it is entitled to judgment as a matter of law.  Rosenau v. Uniford Corp., 539 F.3d 218, 221 (3d Cir. 2008) (citing Jablonski v. Pan Am. World Airways, Inc., 863 F.2d 289, 29091 (3d Cir. 1988)).  A motion under Rule 12(c) is reviewed under the same standard as a motion to dismiss under Rule 12(b)(6).  Turbe v.

2

Government of the Virgin Islands, 938 F.2d 427, 428 (3d Cir. 1991).  Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a complaint "for failure to state a claim upon which relief can be granted."  In order to survive a motion to dismiss, a complaint must allege facts that raise a right to relief above the speculative level.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Fed. R. Civ. P. 8(a)(2).  While a court must accept as true all allegations in the plaintiff's complaint, and view them in the light most favorable to the plaintiff, Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008), a court is not required to accept sweeping legal conclusions cast in the form of factual allegations, unwarranted inferences, or unsupported conclusions.  Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The complaint must state sufficient facts to show that the legal allegations are not simply possible, but plausible.  Phillips, 515 F.3d at 234.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).

### 42 U.S.C. § 1983

Plaintiff's Constitutional claims are governed by Title 42 U.S.C. § 1983, which provides a civil remedy against any person who, under color of state law, deprives another of rights protected by the United States Constitution.  See Collins v. City of Harker Heights, 503 U.S. 115, 120 (1992). Any analysis of 42 U.S.C. § 1983 should begin with the language of the statute:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within

>the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

See 42 U.S.C. § 1983. As the above language makes clear, Section 1983 is a remedial statute designed to redress deprivations of rights secured by the Constitution and its subordinate federal laws. See Baker v. McCollan, 443 U.S. 137, 145 n.3 (1979). By its own words, therefore, Section 1983 "does not . . . create substantive rights." Kaucher v. County of Bucks, 455 F.3d 418, 423 (3d Cir. 2006) (citing McCollan).

To state a cognizable claim under Section 1983, a plaintiff must allege a "deprivation of a constitutional right and that the constitutional deprivation was caused by a person acting under the color of state law." Phillips v. County of Allegheny, 515 F.3d 224, 235 (3d Cir. 2008) (citing Kneipp v. Teder, 95 F.3d 1199, 1204 (3d Cir. 1996)). Thus, a plaintiff must demonstrate two essential elements to maintain a claim under § 1983: (1) that the plaintiff was deprived of a "right or privileges secured by the Constitution or the laws of the United States" and (2) that plaintiff was deprived of her rights by a person acting under the color of state law. Williams v. Borough of West Chester, Pa, 891 F.2d 458, 464 (3d Cir. 1989).

A municipality is not liable under 42 U.S.C. § 1983 on a respondeat superior theory. Monell v. Dept. Soc. Servs. of New York, 436 U.S. 658, 691 (1978). However, a government entity may be liable for its agent's actions upon a demonstration that a policy or custom of the municipality caused, or was a "moving force" behind, the alleged violation of Plaintiff's rights. Kentucky v. Graham, 473 U.S. 159, 166 (1985) (quoting Polk County v. Dodson, 454 U.S. 312, 326 (1981)); Beck v. City of Pittsburgh, 89 F.3d

4

966, 971 (3d Cir. 1996). Thus, in order to prevail against the government entity, "[a] plaintiff must identify the challenged policy, attribute it to the city itself, and show a causal link between execution of the policy and the injury suffered." Losch v. Parkesburg, 736 F.2d 903, 910 (3d Cir. 1984). Further, a plaintiff must show that the municipality acted with "deliberate indifference" to the known policy or custom. Canton v. Harris, 489 U.S. 378, 388 (1989). "A showing of simple or even heightened negligence will not suffice." Board of County Comm'rs of Bryan County, Okl. v. Brown, 520 U.S. at 397, 407 (1997).

## Analysis

Insofar as Plaintiff has alleged a claim for damages pursuant to 42 U.S.C. § 1983 against the Gloucester City Police Department, such claim will be dismissed, as a municipal police department is not a "person," separate from the municipality, subject to § 1983 liability. Adams v. City of Camden, 461 F. Supp. 2d 263, 266 (D.N.J. 2006). Plaintiffs do not argue otherwise.

Regarding the City of Gloucester, as stated above, a municipality is not liable under 42 U.S.C. § 1983 on a respondeat superior theory. Monell v. Dept. Soc. Servs. of New York, 436 U.S. 658, 691 (1978).[1] Although a government entity may be liable for its agent's actions upon a demonstration that a policy or custom of the municipality caused, or was a "moving force" behind, the alleged violation of Plaintiff's rights, Board of County Comm'rs of Bryan County, Okl. v. Brown, 520 U.S. 397, 404 (1997), Plaintiffs

---

[1] The same analysis pertains to Plaintiff's claims against Gloucester City under the New Jersey Civil Rights Act, N.J. Stat. Ann. § 10:6-2(c). See Desilets v. Clearview Regional Bd. of Educ., 627 A.2d 667, 673 (N.J. Super. Ct. App. Div. 1993).

have not alleged a policy, attributed it to the city itself, with a causal link between execution of the policy and the injury suffered.  See, e.g., McTernan v. City of York, Pa., 564 F.3d 636 (3d Cir. 2009) ("To satisfy the pleading standard, [a plaintiff] must identify a custom or policy, and specify what exactly that custom or policy was.").

Rather, Plaintiffs now argue that the Police Department should have known that the Defendant officers "had a propensity for this kind of excessive force and they failed to take proper remedial steps," (Pl. Br., p. 4), because one of the officers, Little, was sued for excessive force four years prior to the incident here.  Therefore, Plaintiffs contend that their reference to improper training, supervision, and instruction of officers is sufficient to establish an entitlement to "discovery to investigate an official custom or policy of improper training or supervision." (Pl. Br., p. 6.)

While the failure to train municipal employees may give rise to a Section 1983 action against a municipality, see City of Canton, Ohio v. Harris, 489 U.S. 378 (1989), "the inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." Id. at 388.  The issue in a failure to train case is whether a training program is adequate; and if it is not, the question becomes whether such inadequate training can justifiably be said to represent "city policy."

> That a particular officer may be unsatisfactorily trained will not alone suffice to fasten liability on the city . . . . Neither will it suffice to prove that an injury or accident could have been avoided if an officer had had better or more training, sufficient to equip him to avoid the particular injury-causing conduct. . . . And plainly, adequately trained officers occasionally make mistakes; the fact that they do says little about the training program or the legal basis for holding the city liable.

Id. at 391.  Continued adherence to an approach that the municipality knows or should

6

know has failed to prevent misconduct by employees may be the "deliberate indifference" necessary to trigger municipal liability.  <u>Brown</u>, 520 U.S. at 407.

Notably, Plaintiffs have alleged that the failure to train and supervise in this case was merely careless and/or negligent.  (Compl. ¶ 3.)  Nonetheless, the Court has considered whether Plaintiffs' arguments regarding a prior lawsuit against Defendant Little would have been sufficient to constitute a pattern of substantially similar constitutional violations by untrained employees if included in support of the claim of improper training, supervision, and instruction of officers originally filed in State court.  Recently, however, the United States Supreme Court held that four prior incidents of failure by the same county's prosecutor's office to provide <u>Brady</u> materials, even when such failures resulted in reversals of convictions, were insufficient to establish an obvious failure to train.  <u>See</u> <u>Connick v. Thompson</u>, 131 S. Ct. 1350, 1365 (2011).  Accordingly, allowing Plaintiffs to the Complaint to reflect the allegations that Defendant Little had been sued under § 1983 on one prior occasion, when there was no determination of liability on the part of the officer or the city, would prove an exercise in futility.  The constitutional claim against Gloucester City will be dismissed.

Plaintiffs do not argue against the dismissal of the claim for punitive damages against Gloucester City.  Any such claim is therefore dismissed.

Finally, Defendants seek dismissal of any federal claims in the Second Count of the Complaint, arguing that a spouse may not make a loss of consortium claim under 42 U.S.C. § 1983.  While the Third Circuit has not spoken definitively on whether loss of consortium damages are available to a spouse under section 1983, other circuit courts have declined to find a constitutional right to consortium, on the grounds that "the

7

United States Supreme Court has never held that the protections of substantive due process extend to claims based on governmental action which affects the family relationship only incidentally." Shaw v. Stroud, 13 F.3d 791, 805 (4th Cir. 1994) (rejecting plaintiff wife's argument that she had a substantive due process claim arising from the death of her husband); Niehus v. Liberio, 973 F.2d 526, 534 (7th Cir. 1992) ("The right to a husband's assistance in raking leaves is not a liberty protected by the Fourteenth Amendment."); Stallworth v. City of Cleveland, 893 F.2d 830, 838 (6th Cir. 1990) ("[T]he relevant jurisdictional statute, 42 U.S.C. § 1983, does not reach [plaintiff"s] claim of loss of consortium. ").

Additionally, other courts within this district have held that loss of consortium claims are not compensable under section 1983. See Pagan v. Township of Raritan, No. 04-cv-1407 (FLW), 2006 WL 2466862, *10 (D.N.J. Aug. 23, 2006) ("While the Supreme Court has recognized constitutional protection for 'rights to marry, to have children, to direct the education and upbringing of one's children, to marital privacy, to use contraception, to bodily integrity, and to abortion,' the Court has never sanctioned constitutional protection of consortium." (quoting McCurdy v. Dodd, 352 F.3d 820 (3d Cir. 2003) (which found that parents had no constitutional interest in the lives or society of their adult children)); Norcross v. Town of Hammonton, No. 04-cv-2536, (RBK) 2006 WL 1995021, *1 (D.N.J. Jul. 13, 2006) ("Nothing in the language of § 1983 contemplates recovery by anyone other than the individual who actually suffered the deprivation of rights."). This Court finds the reasoning of those decisions persuasive, and will dismiss the loss of consortium claim in the Second Count of the Complaint insofar as it may be premised on federal law.

Although not at issue in this motion, a similar analysis may be made regarding any claim under the New Jersey Civil Rights Act.  See Armstrong v. Sherman, No. 09-716 (AET), 2010 WL 2483911, *5 (D.N.J. Jun. 4, 2010) ("[T]he language of the New Jersey Civil Rights Act, like the language of 42 U.S.C. § 1983, appears to grant a cause of action only to those persons whose rights have been personally violated.").

Conclusion

Accordingly,

IT IS ORDERED this 25th day of January, 2012 that Defendants' motion for partial judgment on the pleadings [5] is hereby GRANTED.

    /s/ Joseph H. Rodriguez
JOSEPH H. RODRIGUEZ
U.S.D.J.